## Mabon *v.* White.

(Division A.   Oct. 6, 1947.   Suggestion of Error Overruled Nov. 24, 1947.)

[32 So. (2d) 191.   No. 36518.]

**Engle, Laub, Adams & Forman,** of Natchez, for appellant.

Brown & Gwin, of Natchez, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This is a contest between the Administrator of the estate of Mrs. Laura J. M. White, deceased, and the Administratrix of the estate of her husband and sole heir-at-law, Thomas W. White, deceased, as to who is entitled to collect and receive the proceeds of a life insurance policy, which have been paid into court by the insurer, Lamar Life Insurance Company, and in which policy the said Mrs. Laura J. M. White was named as the insured, and the said Thomas W. White as beneficiary, under the terms and conditions hereinafter mentioned. In the

'agreed statement of facts it is stipulated that the above is the sole issue for determination.

The insured and her husband were both killed in an automobile accident, and it is agreed that he survived her for a period of approximately one-half of an hour. The policy named the husband, Thomas W. White, as beneficiary with right of revocation, and "subject to the terms and conditions of the policy." No contingent beneficiary is named. It is further provided that the same shall mature as a death claim "upon the date of receipt at the home office of the company of written proof, satisfactory to the company, as to occurrence and the cause of the injured's death . . ."

The policy further provides that, "The death of any Beneficiary, Direct or Contingent, occurring prior to the maturity of this Policy as death claim, or subsequent to the maturity of this Policy as a death claim but before settlement has been completed under this Policy, shall terminate such deceased Direct or Contingent Beneficiary's right to receive, or share in, any settlement, or settlements, or any payment, or payments, due, or to become due, under this policy following its maturity as a death claim."

Also, "if any beneficiary, Direct or Contingent, shall die simultaneously with the Insured, or after the death of the Insured but before receipt, at the Home Office of the Company, of written proof, satisfactory to the Company, of the death of the Insured, any settlement or settlements, or any payment, or payments, due or to become due, under this Policy by reason of the Insured's death shall be made with the same Beneficiary, or Beneficiaries, Direct or Contingent, and in the same manner as provided in this Policy for settlement, or payment, had such Direct or Contingent Beneficiary have predeceased the Insured."

The insured and her husband left no children surviving them, and therefore the husband became both the sole heir-at-law and the surviving beneficiary. Ordinarily the administratrix of his estate, appellee herein, would

have been entitled to collect and receive the proceeds of the insurance policy, with the right to administer upon the same. But it will be observed that the husband was named as sole beneficiary under the terms and conditions of the policy hereinbefore set forth. Since his right to receive the insurance was contingent upon his being alive when the claim therefor had matured as a death claim, and since it is shown that the policy did not mature as a death claim in the manner provided for until after his death, then, "Any settlement . . ., or any payment, . . ., due, or to become due, . . . shall be made with the same beneficiary" as would have been done "had such . . . beneficiary have predeceased the insured."

This being true, we are of the opinion that the trial court was in error in holding that the Administratrix of the estate of Thomas W. White was entitled to collect and receive the insurance under his bill of complaint ·and the agreed statement of facts; but that, on the other hand, the Administrator of the estate of Mrs. Laura J. M. White was entitled, under her answer, cross-bill and the agreed statement of facts, to collect and receive the same. The cause will, therefore, be reversed, the original bill dismissed, and a judgment rendered here in favor of the appellant, adjudicating his right to collect, receive and administer upon the proceeds of the insurance as an asset of the estate of the insured, and in the manner provided by law.

Reversed and judgment here for the appellant.